**ORIGINAL**

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 OCT -4 PM 4: 16

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DOMINIC BROWN,            )
                          )
    Movant,               )
                          )
v.                        )     Case No. CV406-087
                          )     [Underlying CR404-161]
UNITED STATES OF AMERICA, )
                          )
    Respondent.           )

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. For the following reasons, the Court recommends that the motion be DENIED.

## I. Background

On June 23, 2004, a federal grand jury indicted movant on individual counts of carjacking, possession of a firearm by a convicted felon, and discharging a firearm in furtherance of a crime of violence. CR404-161, doc. 1. A jury convicted movant on all three counts. Id., doc. 56. The Court sentenced movant to a total of three hundred months' imprisonment, five

years' supervised release, and a $300 special assessment. <u>Id.</u>, doc. 58.

Movant pursued a direct appeal of his convictions and sentences, contending that (1) he should have been permitted to question a police officer about alleged discrepancies between the victim's (Horace Duncan's) testimony and his statements to police; (2) the Court impermissibly limited his examination of Horace Duncan at trial; and (3) a material variance existed between the indictment and the proof at trial on the discharge of a firearm count. Doc. 76, Ex. A. The Eleventh Circuit affirmed movant's convictions and sentences on September 21, 2005. <u>United States v. Brown</u>, 151 Fed. Appx. 787 (11th Cir. 2005) (unpublished), <u>cert. denied</u>, ___ U.S. ___, 126 S. Ct. 1102 (Jan. 9, 2006).

On February 2, 2006, movant filed a "motion to void or invalidate judgment," contending that the Court committed various errors during his trial that led to his conviction. CR404-161, doc. 69. The Court informed movant that this motion was properly construed under 28 U.S.C. § 2255 and gave him an opportunity either to supplement or withdraw the motion. <u>Id.</u>, doc. 70. Movant then filed a "motion of perjury on Horace Duncan," which the Court construed as a supplement to his prior motion. <u>Id.</u>, docs.

72, 75. In the instant petition, movant contends that (1) the trial court abused its discretion by not permitting the defense to cross-examine a police officer and the victim; (2) the trial court erred by improperly instructing the jury that the government was not required to prove that the gun submitted into evidence was the gun used during the crime; and (3) the victim committed perjury during the trial. Doc. 2.

## II. Analysis

In addressing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a federal sentence, "[a] district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); see also Davis v. United States, 417 U.S. 333, 345 (1974); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981); United States v. Greer, 600 F.2d 468, 469 (5th Cir. 1979); Kastenbaum v. United States, 588 F.2d 138, 139 (5th Cir. 1979); Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978); Vernell v. United States, 559 F.2d 963, 964 (5th Cir.

1977). This restriction on § 2255 petitions may be waived in the presence of extraordinary circumstances, such as an intervening change in the law. Davis, 417 U.S. at 345; Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999); United States v. Scrivner, 189 F.3d 825, 828 (9th Cir. 1999); Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995); United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).

Movant raises the same grounds for relief in the instant petition that he raised in his direct appeal. Doc. 5, Ex. A. The court considered each of these grounds and decided them adversely to movant. Brown, 151 Fed. Appx. 787. Movant indicates no extraordinary circumstances that should except his petition from the general rule that issues raised and decided on direct appeal are not appropriate for § 2255 collateral review. None of the cases movant cites in his petition represents an intervening change in the law. In fact, each case cited by petitioner was decided prior to his direct appeal. Thus, this Court is procedurally barred from reconsidering these grounds for relief.[1]

---

[1] Movant has also filed a "motion for ineffective assistance of counsel" which appears to be an attempt to supplement the instant petition with several claims of ineffective assistance of counsel. Doc. 6. The Court will not consider any of movant's assertions, however, since it appears that movant failed to serve a copy of these claims on the government in accordance with the Court's previous instructions. See Doc. 4

## III. Conclusion

For the reasons stated above, the Court finds that movant has failed to state grounds on which § 2255 relief may be granted. Accordingly, the petition should be DENIED.

**SO REPORTED AND RECOMMENDED** this 4TH day of **October, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

("movant is directed to furnish the United States Attorney in Savannah, Georgia, with copies of all further motions or papers filed in this case"). Moreover, movant fails to offer any factual basis for these assertions, and mere assertions or conclusory allegations of ineffective assistance of counsel are insufficient to sustain an ineffectiveness claim. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992).